IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
FEB 12 2008

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. __2:08cr33-MHT__ |
| | ) | [18 USC 922(g)(1); |
| ANQWUAN LAMAR OSBORNE | ) | 18 USC 924(e)(1); |
| | ) | 21 USC 844(a)] |
| | ) | |
| | ) | INDICTMENT |

The Grand Jury charges:

## COUNT 1

On or about June 29, 2007, in Montgomery County, within the Middle District of Alabama,

ANQWUAN LAMAR OSBORNE,

defendant herein, having been convicted of the following felonies, crimes punishable by imprisonment for terms exceeding one year under the laws of the State of Alabama, to-wit:

1) July 7, 2004 - Robbery 1st, Case Number 2003-868, in the Circuit Court of Montgomery County, Alabama;

2) July 7, 2004 - Burglary 2nd, Case Number 2003-868, in the Circuit Court of Montgomery County, Alabama;

3) July 7, 2004 - Escape 3rd, Case Number 2002-1248, in the Circuit Court of Montgomery County, Alabama;

did knowingly possess in and affecting commerce a firearm, to-wit: a Glock, Model 27 .40 caliber pistol, a better description being unknown to the Grand Jury. All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1).

## COUNT 2

On or about June 29, 2007, in Montgomery County, within the Middle District of Alabama,

ANQWUAN LAMAR OSBORNE,

defendant herein, did intentionally and knowingly possess 3,4-Methylenedioxymethamphetamine, commonly known as "ecstasy" and/or "MDMA," a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 844(a).

## FORFEITURE ALLEGATION

A.   Counts 1 and 2 of this indictment are hereby repeated and incorporated herein by reference.

B.   Upon conviction for any violation as alleged in Count 1 of this indictment, the defendant,

ANQWUAN LAMAR OSBORNE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of this offense, including but not limited to the following:

a Glock, Model 27, .40 caliber pistol.

C.   If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1)   cannot be located upon the exercise of due diligence;

(2)   has been transferred, sold to, or deposited with a third person;

(3)   has been placed beyond the jurisdiction of the court;

(4)   has been substantially diminished in value; or,

(5)   has been commingled with other property which cannot be divided without

difficulty, the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an Order of this Court forfeiting any other property of said defendant up to the value of the property described in the above paragraphs.

A TRUE BILL:

*Marie A. Hilling*
Foreperson

*Tommie Brown Hardwick*
Tommie Brown Hardwick
Assistant United States Attorney

*Verne H. Speirs*
Verne H. Speirs
Assistant United States Attorney