IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**RECEIVED**

2008 JUN 16  A 8: 39

...A. P. HACKETT, CLK
...DISTRICT...

EX PARTE SUBPOENA DUCES TECUM
IN A CRIMINAL CASE

UNITED STATES OF AMERICA

v.                                          CASE NO: 2:08cr33-MHT

ANQWUAN LAMAR OSBORNE

---

### BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENA

#### Introduction

This memorandum is in support of the Alabama Department of Youth Services' Motion to Quash Anqwuan Osborne's request for his juvenile records from the Alabama Department of Youth Services (hereinafter "DYS"). DYS relied on Ala. Code § 44-1-39 to file a Motion to Quash Subpoena in response to a subpoena duces tecum requesting all records relating to Mr. Osborne. On June 12, 2008, Counsel for Mr. Osborne presented federal case law in response to DYS' argument that the state law does not permit disclosure of Mr. Osborne's records. In light of counsel's submissions and additional research referenced herein, in this motion, DYS modifies its request to seek (1) a written release from Osborne, (2) a order from this Court that places Mr. Osborne's juvenile court records under seal and limits the use of Mr. Osborne's records to this instant case, and (3) modifies the subpoena to prohibit the production of DYS records.

#### Argument

**Juvenile Record Confidentiality in General.** The confidentiality rules which govern juvenile proceedings and records are designed to protect the juveniles in juvenile proceedings.

1

See, *Bombailey v. State*, 580 So.2d 41 Ala.Crim.App. 1990. The purpose of the juvenile confidentiality provisions under Ala. Code § 44-1-39; Ala. Code § 44-1-10; Ala. Code § 12-15-100 and Ala. Code § 12-15-101 relates to the juvenile justice goal of rehabilitation and promoting the social well being of youth throughout the state.[1] *See*, Ala. Code § 44-1-1 and Ala. Code § 12-15-1.1. In an effort to protect juvenile records, the Alabama Code only permits release of juvenile records in limited circumstances. In the instant case, the Alabama Code does not currently permit DYS to release the records of Anqwuan Osborne although Mr. Osborne seeks his own records.

**Applicable Law**. After a substantial review of state and federal case law there is no case that is factually analogous to the instant case. However, as the Court has pointed out, the issue concerning the confidentiality of juvenile records under the above-mentioned juvenile confidentiality sections of the Alabama Code were raised in a 2002 Attorney General Opinion. In Ala. Op. Atty. Gen. No. 2002-263, WL 1438071 (Ala.A.G.), the Attorney General determined that the "good faith disclosure of confidential information located in files and records of the Department of Youth Services . . . in connection with litigation *against DYS* and certain of its employees" is not a violation of confidentiality statues "so long as such disclosure is pursuant to the court order issued by a court of competent jurisdiction."

In addition, in *Pearson v. Miller*, 211 F.3d 57, 60-61 (Pa. 2000) which was cited by counsel for Mr. Osborne, the appellants, which were defendants in the lower court, resisted the appellee's discovery requests for records on the grounds that such information was confidential

---

[1] There are two categories of juvenile records; they are juvenile court and police records and records created by the Alabama Department of Youth Services (herein after "DYS") . Ala. Code § 12-15-100 and Ala. Code § 12-15-101 concerns court and police records and Ala. Code § 44-1-39 and Ala. Code § 44-1-10 concerns DYS records. The subpoena in this matter ostensibly seeks

2

under state statutes. The instant case does not involve litigation against DYS. Unlike the Attorney General Opinion and the Pearson case, where the defendants had an interest other than violation of the confidentiality provisions of the state statutes, in the instant case, DYS has no other interest but the protection of the rehabilitative system. It is important to note that the statutes under the Pearson case provided an exception for persons who were the subject of the records to obtain their records by written consent. In addition, the court in Pearson held that the confidentiality privilege created by the Pennsylvania statutes was held by the patient and could be waived by the patient. Id. at 63. Currently, the Alabama Code does not provide an exception for a juvenile to obtain his/her own records, however, under the new Juvenile Justice Act which will be effective in January 2009, it is the legislative intent that juveniles who are themselves the subject of records be permitted to obtain their *court* records. The statute governing production of DYS records remains unchanged.

Counsel for Mr. Osborne also cited *American Civil Liberties Union of Mississippi, Inc. v. Finch*, 638 F.2d 1336 (Miss. 1981). That case is also not factually analogous to the instant case, however the court in that case stated that:

> "when a litigant seeks to assert a privilege not existent in the common law but enacted by the (state) legislature based on unique considerations of government policy," this Court like other courts, has tested it by balancing the policies behind the privilege against the policies favoring disclosure."

Id. at 1343. Although the court mentions a balancing test that a court must consider, the court does not provide what factors should be considered under the balancing test which weigh in favor or against the privilege or disclosure. The court also indicated that to the extent that a state interest may be affected by release of privileged information, the state's interest may be

---

both types of records in DYS custody.

3

accommodated by the issuance of an appropriate protective order. Id. at 1345. In the instant case, the undersigned submits that a protective order may be in issued with respect to Mr. Osborne's juvenile court records in DYS possession, but not his DYS records.

**Fed.R.Crim.P. 17 ( c ) and Fed.R.Civ.P. 45.** Fed.R.Crim.P 17 ( c) states: "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive. Fed.R.Crim.P. 17( c ) is substantially identical to Fed.R.Civ.P 45. *See* Fed.R.Crim.P. Advisory Committee Notes. Fed.R.Civ.P. 45 provides that a court shall quash (or modify) a subpoena if it "subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iv).

Whether a subpoena subjects a witness to undue burden generally raises a question of the subpoena's reasonableness, which "requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463 (2d ed.1995).

In general, subpoenas that direct a party to violate a federal law constitute an undue burden. See, *Zolteck Corp. v. U.S.*, 61 Fed. Cl. 12, 15 (Fed. Cl. 2004) citing *Flatlow v. The Islamic Republic of Iran*, 196 F.R.D. 203, 207 (D.D.C. 2000). It follows that if a subpoena would direct a party to violate a state criminal law then it constitutes an undue burden on the party that is directed to comply with the subpoena. In the instant case, if the DYS custodian were directed to release Mr. Osborne's DYS records under the subpoena duces tecum, the DYS custodian would possibly violate the Alabama Code–notwithstanding the provisions of Ala. Op. Atty. Gen. No. 2002-263, WL 1438071 (Ala.A.G.). Therefore, the undersigned submits that requiring release of Mr. Osborne's records in violation of state law would constitute an undue burden on the DYS custodian of records.

4

This case appears to be a case of first impression. The subpoena itself in this case (not involving litigation against DYS) is prohibited by state law[2] under the terms of §44-1-39, Code of Alabama 1979, as amended. It could be a crime regardless of this Court's decision and the AG opinion, for the DYS custodian of records to comply with the subpoena. Of equal import is the potential damage to the state's juvenile justice system by opening the door for prosecutors and others interested in juvenile records to obtain them. The undersigned has searched without success for a case determining federal law under Fed.R.Crim.P. 17( c ) or Fed.R.Civ.P. 45 under similar circumstances. It appears simply axiomatic that it is unduly burdensome to illegally subpoena the custodian of records to commit a possible crime.

The burden on the "custodian of records" is clear. Although the Defendant offers no explanation regarding the potential benefit of the DYS records, the relative value must, as a matter of law, be less than the burden on the custodian of records.

Finally, even without regard to the criminal provisions of Alabama's confidentiality statutes, the custodian of records does not have the legal authority to do what the subpoena requests. The DYS custodian of records has only the authority granted by state law. State law does not grant authority to disclose the records pursuant to the subpoena in this case. Therefore, the subpoena seeks something which does not exist. This is analogous to the production of expunged records, or records which do not exist.

Therefore, DYS submits that under Fed.R.Crim.P. 17, the subpoena, insofar as it seeks DYS records, is unduly burdensome.

---

[2] Counsel for the Defendant conceded in open court that his client is not entitled to the records under §44-1-39, Code of Alabama 1979.

### Conclusion

The confidentiality provisions prevent juvenile adjudications from haunting adjudicated juveniles throughout their lives and from being used against them. In the instant case, the state interest will be negatively affected by release of Mr. Osborne's DYS records. However, in light of the legislative intent to permit juveniles who are the subject of records to obtain their court records in the near future, the state interest may be accommodated in the instant case if the Court placed Mr. Osborne's court records under seal for purposes of this case only and Mr. Osborne executed a release to obtain his court records.

Respectfully submitted this 16rd day of June 2008,

T. Dudley Perry, Jr.
Bar Number: 3985-R67T
General Counsel
Alabama Department of Youth Services
Post Office Box 66
Mt. Meigs, AL 36057
Telephone: (334) 215-3803
Fax: (334) 215-3872
E-Mail: dudley.perry@dys.alabama.gov

### CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June, 2008, I served a copy of the foregoing Brief in Support of Motion to Quash Subpoena via U.S. Mail properly addressed and postage prepaid upon:

Donnie W. Bethel, Esquire
Federal Defenders, Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104

General Counsel

6