IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| V. | ) | CR. No: 2:08cr33-MHT |
| | ) | |
| ANQWUAN LAMAR OSBORNE | ) | |

## MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER GRANTING IN PART THE MOTION TO QUASH SUBPOENA

**COMES NOW** the Defendant, **ANQWUAN LAMAR OSBORNE**, by Undersigned Counsel, Donnie W. Bethel, and moves the Magistrate Judge to reconsider his Order that granted in part the Motion to Quash Subpoena filed by the Alabama Department of Youth Services (DYS). In support of this Motion, the Defendant would show the following:

1. On May 29, 2008, Mr. Osborne filed an Ex Parte Motion for Subpoenas Duces Tecum. The subpoena sought all of Mr. Osborne's records held by the Montgomery Juvenile Court and the Department of Youth Services.

2. On May 30, 2008, the Magistrate Judge granted that Motion.

3. On June 4, 2008, DYS filed a Motion to Quash Subpoena. This Motion cited no federal authority whatsoever in support thereof, but simply relied upon Alabama Code § 44-1-39. That Code section provides, in part, that it is "unlawful, except for limited purposes, for any person or persons to solicit, disclose, receive or make use of or authorize, knowingly permit, participate in or acquiesce in the use of any information concerning any youth for whom the department provides social services or care and derived from the records, papers,

files or communications of the department, or of any agency or facility utilized by the department in providing services to any youth or acquired in the course of the performance of official duties." Several exceptions to this prohibition are noted, but the parties agree that none of those exceptions apply to the records that Mr. Osborne requested in his subpoena. DYS presented no other authority in its Motion to Quash.

4. On June 12, 2008, the Magistrate Judge conducted a hearing on the Motion. At the hearing, DYS presented no federal authority whatsoever to support its motion, despite the fact that, as the proponent of the Motion to Quash, it had the burden of proving to the Magistrate Judge that he should grant the Motion; again, it did nothing more than stand on the Alabama confidentiality statute. On the other hand, Mr. Osborne did present the Magistrate Judge with federal case law that supported his position that the Motion should have been denied. Rather than rule at that time, the Magistrate Judge gave DYS until June 16, 2008, to file a brief in support of its motion, which DYS did.

5. On June 17, 2008, the Magistrate Judge issued an order, which granted in part and denied in part the Motion to Quash. The Magistrate Judge ordered DYS to produce Mr. Osborne's juvenile court and police records, but quashed the subpoena as to other DYS records.

6. The assertion in federal court of an evidentiary privilege is governed by the principles of federal common law. Fed.R.Crim.P. 501. In *American Civil Liberties Union of Mississippi, Inc., et. al, v. Finch*, 638 F.2d 1336 (5th Cir. 1981), the Court considered whether Mississippi state officials could rely upon a state confidentiality statute, and thus

refuse to disclose records that the plaintiffs had subpoenaed. The state confidentiality "statute was the sole justification advanced for noncompliance." *Id*. at 1339. The district judge had found that the statute created an evidentiary privilege that federal courts were powerless to override. *Id*. at 1342. The 5th Circuit found that the statute merely provided for confidentiality of the records in question, rather than creating a state evidentiary privilege, but assumed for the sake of argument that the statute did, indeed, create an evidentiary privilege, and then held "that that privilege should not be applied in this case." *Id*. The Court noted, "That the courts of a particular state would recognize a given privilege will not often of itself justify a federal court in applying that privilege. . . . Privileges are strongly disfavored in federal practice." *Id*. at 1343-1344.

7.  In *Pearson v. Miller*, 211 F. 3d 57 (3rd Cir. 2000), the district judge ordered the Luzerne County Children and Youth Services (LCCYS) to produce documents that the plaintiff moved to compel in discovery. LCCYS appealed the judge's order, citing a state confidentiality statute, and argued "that the state confidentiality provisions ought to be recognized under the federal law of evidentiary privileges." *Id.* at 61. The Court "reject[ed] appellant's argument that the disputed material is protected by a federal evidentiary privilege." *Id.* Just as did the plaintiff in *Pearson*, Mr. Osborne seeks records *that are about himself.* Whatever interest the DYS may have in maintaining the confidentiality of its records, that interest must certainly be diminished when the requesting party seeks the disclosure of records that pertain to him, rather than to third parties.

8.  In its brief, DYS relies upon *Zolteck Corp. v. U.S.*, 61 Fed. Cl. 12 (2004), for the

proposition that requiring DYS to violate a state criminal statute would constitute an undue burden upon DYS, and, therefore, DYS should be relieved from the duty to disclose the information that Mr. Osborne seeks. This reliance is misplaced for two reasons. First, *Zolteck* dealt with classified information and matters of national security. The Court of Federal Claims found that the material that Zolteck sought was, in fact, classified information and that a federal statute prohibited its disclosure. As DYS notes in its brief, the Claims Court determined that requiring Northrup Grumman Corp. to violate a federal statute by disclosing classified information would impose an undue burden on Northrup. The disclosure of DYS records hardly rises to the level of classified documents that could impact national security. Second, DYS's assertion that it should likewise be relieved of complying with a federal subpoena because it would violate a state criminal statute is inapposite. *Zolteck* simply acknowledges that federal common law has recognized an evidentiary privilege for documents that are classified pursuant to a federal statute. Accepting DYS's argument would mean that federal courts would be duty bound to accept as federal common law any state confidentiality statute that carries with it a criminal prohibition against disclosure. This is nothing more than a roundabout way of arguing exactly what DYS argued in its original Motion to Quash: "Please don't make us disclose the records because the Alabama statute says we can't, and it potentially imposes criminal penalties if we do." In other words, DYS is still merely relying on the Alabama statute to justify its nondisclosure. That argument has been flatly rejected by federal courts.

9.      Furthermore, DYS acknowledges that the Attorney General of the State of Alabama

has ruled that the "good faith disclosure of confidential information located in files and records of the Department of Youth Services . . . in connection with litigation against DYS and certain of its employees is permitted so long as such disclosure is pursuant to a court order issued by a court of competent jurisdiction." Ala. Op. Atty. Gen. No. 2002-263, 202 WL 1438071 (Ala.A.G.). DYS doesn't dispute that this Court is a court of competent jurisdiction, but places considerable emphasis on the fact that Mr. Osborne's case doesn't involve litigation against DYS. DYS uses the same argument to distinguish the holding in *Pearson*. DYS's argument begs the ultimate question. That question is not whether DYS is a party to the instant litigation, but whether DYS can cite any federal common law privilege that would prevent disclosure of the records that Mr. Osborne seeks. The answer to that question is 'no.'

**WHEREFORE**, for the reasons set forth above, the Defendant moves this Court to vacate the order of the Magistrate Judge granting in part the Motion to Quash, and to order DYS to produce all records in its possession on Mr. Osborne.

Dated this 7th day of July, 2008.

Respectfully submitted,

s/ Donnie W. Bethel
DONNIE W. BETHEL
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail:don_bethel@fd.org
IN Bar Code: 14773-49

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| V. ) | CR. No: 2:08cr33-MHT |
| ) | |
| ANQWUAN LAMAR OSBORNE ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Verne H. Speirs, Assistant U. S. Attorney.

                          Respectfully submitted,

                          s/ Donnie W. Bethel
                          DONNIE W. BETHEL
                          Assistant Federal Defender
                          201 Monroe Street, Suite 407
                          Montgomery, Alabama 36104
                          Phone: (334) 834-2099
                          Fax: (334) 834-0353
                          E-mail:don_bethel@fd.org
                          IN Bar Code: 14773-49