IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL ACTION NO. |
| ) | 2:08cr33-MHT |
| ANQWUAN LAMAR OSBORNE ) | (WO) |

OPINION AND ORDER

This cause is now before the court on the government's motion requesting that defendant Anqwuan Lamar Osborne undergo a more extensive psychiatric evaluation pursuant to 18 U.S.C. §§ 4241 and 4247.  For the reasons that follow, the court concludes that this motion should be granted.


I.

Osborne pled guilty to possession of ecstasy in violation of 21 U.S.C. § 844(a) and to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Prior to the sentencing hearing held on January 30, 2009, there had been no indication that

Osborne suffered from a significant mental disease or defect.  However, the issue arose at the sentencing hearing, triggering the court's concern.  The court continued the hearing and ordered Osborne's counsel to review a previously completed psychological evaluation and file it with the court.  Osborne did so and the government promptly filed the present motion for a more complete psychological evaluation.  During an on-the-record conference call held on the motion, Osborne agreed to the government's motion.

II.

Section 4241(a) of Title 18 of the United States Code determines that, "At any time ... prior to the sentencing of the defendant ... the Government may file a motion for a hearing to determine the mental competency of the defendant."  The statute further provides that, "The court shall grant the motion, ... if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally

incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Id.  If the court finds reasonable cause, then it must order a hearing to determine the defendant's mental competency.  Id; see also United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005) ("A district court must conduct a competency hearing when there is a 'bona fide doubt' regarding the defendant's competence.") (quoting Pate v. Robinson, 383 U.S. 375, 385 (1966)).

   Prior to the hearing, the court may order a psychiatric examination of the defendant.  18 U.S.C. § 4241(b).  The court may order the defendant committed for this purpose for up to 30 days, with a 15-day extension upon a showing of good cause by the examiner.  Id. § 4247(b).


                              III.

   The four-page report on Osborne's psychological condition was completed by Doctor David Ghostley, a

3

licensed psychologist, at the request of Osborne's counsel. Dr. Ghostley indicated that Osborne functions at the level of a child in the first grade and that he suffers from "Mild Mental Retardation" and "Major Depressive Disorder." Psych. Eval. at 3 (doc. no. 51). Dr. Ghostley also found indications that Osborne may have suffered trauma to the frontal lobe of his brain, which is an injury "associated with disturbances in conduct" and may explain his mild mental retardation. Id. at 4. However, Dr. Ghostley's report did not contain a great amount of detail, reporting the results of only one test, and his report did not indicate or provide information concerning Osborne's mental competency to be sentenced.

Overall, Dr. Ghostley's report raises "bona fide" questions but provides few answers, giving the court reasonable cause to believe Osborne may be suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Therefore, the court grants the government's

4

motion and orders that Osborne be committed to the custody of the Attorney General for placement in a suitable facility to be observed and examined by one or more qualified psychiatrists or psychologists.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) The government's motion for a psychiatric evaluation (doc. no. 50) is granted.

(2) Pursuant to the provisions of 18 U.S.C. §§ 4241 and 4247(b) & (c), the United States Marshal for this district shall immediately remove defendant Anqwuan Lamar Osborne to the custody of the warden of an appropriate institution as may be designated by the Attorney General, where he is to be committed for the purpose of being observed, examined, and treated for a period not to exceed 30 days by one or more qualified psychiatrists or psychologists at the institution.  The 30-day period shall be counted from the day defendant Osborne's arrives at the designated institution.

(3) Pursuant to 18 U.S.C. § 4247(c), the examining

5

psychiatrists or psychologists conducting the mental examination of defendant Osborne shall report in writing to this court within 45 days from the date of defendant Osborne's arrival at the institution as to their findings, opinions, and conclusions relative to the competency or incompetency of defendant Osborne. They shall specifically report to and advise this court whether or not in their opinion defendant Osborne may lack the mental competency to understand the proceedings against him or properly assist in his own defense.

DONE, this the 13th day of February, 2009.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE