IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:08cr33-MHT |
| ANQWUAN LAMAR OSBORNE | ) | (WO) |

OPINION AND ORDER

This cause is before the court on the question of defendant Anqwuan Lamar Osborne's mental competency to be sentenced. The court must determine whether Osborne "may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The court concludes that Osborne is not suffering from such a mental disease or defect and is therefore competent to be sentenced.

Prior to sentencing, Osborne had been examined by Dr. David Ghostley, who was able to interview and observe Osborne only briefly. Dr. Ghostley's limited report did not state whether Osborne was competent to be sentenced;

it did, however, raise certain concerns about his competency that the court felt compelled to pursue further.  Therefore, according to the provisions of 18 U.S.C. §§ 4241 and 4247, this court ordered that Osborne be committed for a period not to exceed 30 days, in order to be observed, examined, and treated concerning his mental competency.  <u>United States v. Osborne</u>, 2009 WL 387143 (M.D. Ala. 2009).  Osborne was subsequently examined by Dr. Robert Johnson at the Federal Correctional Institute in Forth Worth, Texas.  At the end of the period of commitment, Dr. Johnson submitted a much lengthier report concerning Osborne's mental competency.  This report explained the various procedures used to evaluate Osborne, which included clinical interviews with Osborne himself, collateral interviews with people who know him, a review of Osborne's records, and a battery of psychological tests.  In the end, Dr. Johnson concluded that Osborne was not suffering from a mental disease or defect that would prevent him from being sentenced.

After an independent consideration of Dr. Johnson's report and the various psychological evaluations and diagnoses contained therein, the court concurs with Dr. Johnson's assessment and concludes that Osborne is not currently suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and the consequences of the proceedings against him or assist properly in his defense.

Accordingly, it is ORDERED that defendant Anqwuan Lamar Osborne is declared mentally competent to be sentenced.

DONE, this the 2nd day of July, 2009.

                        /s/ Myron H. Thompson
                       UNITED STATES DISTRICT JUDGE